¶ 1.
REBECCA G. BRADLEY, J.
Minors John Doe 56 and John Doe 57 appeal from the decision of the court of appeals,[1] which affirmed the circuit court's[2] dismissal of the Does' medical malpractice claims based on the statute of limitations. The issue is whether the statute of limitations for medical malprac *355 tice claims, Wis. Stat. § 893.55(lm)(a) (2013-14),[3] bars this action. More specifically, this case involves a disagreement as to when the Does' claims for medical malpractice accrued. The circuit court and court of appeals determined that the Does' claims accrued on the last day Dr. David A. Van de Loo[4] performed the genital examinations during which the medical malpractice allegedly occurred. The Does contend their claims for medical malpractice did not accrue until they learned in news reports that the State had charged Dr. Van de Loo with second-degree sexual assault of another boy for physically manipulating that boy's penis during a genital examination very similar to the Does' own examinations. The Does contend that *356 this knowledge caused them to suffer extreme emotional distress and other psychological injuries because the boys then believed that Dr. Van De Loo sexually assaulted them under the guise of a genital examination. The Does are not arguing that the news reports caused them to discover that they had been injured during the genital examinations; rather, they are asserting that no injury had occurred, and therefore, their claims did not accrue, until they learned that Dr. Van de Loo's conduct during the genital examinations might have involved a criminal sexual assault.
¶ 2. At the outset, we address whether allegations of sexual assault during a medical examination may lawfully be pursued as a medical malpractice action. We are not convinced that victims who are sexually assaulted by their physician during an appointment can state an actionable claim for medical malpractice. See Deborah S.S. v. Yogesh N.G., 175 Wis. 2d 436, 499 N.W.2d 272 (Ct. App. 1993)(improper sexual conduct by a physician against a patient during a physical examination constitutes intentional conduct, not medical malpractice). Sexual assault is an intentional act and therefore should be pursued as an intentional tort in the civil arena or as a criminal matter, not under a claim of medical negligence. When there exists, however, a legitimate medical purpose for a genital examination, a claim can fall within medical malpractice. See J.W. v. B.B., 2005 WI App 125, ¶ 10, 284 Wis. 2d 493, 700 N.W.2d 277 (digital-rectal prostate exams done as part of a pre-employment physical properly fell within medical malpractice where physician had a legitimate medical purpose or reason for the allegedly inappropriate touching).
*357 ¶ 3. In Deborah S.S., the patient underwent a neurological examination during which the physician touched her vagina, buttocks, and breast, and she felt the physician's penis become erect against her body. Id., 175 Wis. 2d at 439. The parties agreed the sexual acts "did not serve any medical reason related to the examination" and were therefore "not part of the medical treatment accorded to the patient." Id. at 443. Based on this agreement, it was clear that Deborah S.S. did not have an actionable medical malpractice claim because the sexual touching was unrelated to the neurological treatment. In J.W., like the instant case, this separation was not evident. The medical malpractice alleged in J. W. consisted of an unnecessary digital-rectal prostate examination as a part of a pre-employment physical. Id., ¶¶ 2, 9-11. The patients asserted these examinations were unnecessary and improper and may have been done for sexual rather than medical reasons. Id., ¶¶ 10-12. The J.W. court distinguished J. W. from Deborah S.S. because the J. W. plaintiffs did not "allege the physician touched them in places or in ways that served no medical purpose or reason, such that the prostate exams were not a part of the medical treatment the physician provided." J.W., ¶ 10. In other words, because there was a medical purpose for conducting digital-rectal prostate exams, the alleged conduct was part of the medical treatment and the only issue was whether "performing digital-rectal prostate exams on healthy, twenty-five-year-old males during pre-employment physicals was 'unnecessary and improper treatment,' thus constituting medical malpractice." Id. (citation omitted). The J.W. court held that under these circumstances, J.W.'s case properly fell within medical malpractice.
*358 ¶ 4. The Does' case is more akin to J.W. than Deborah S.S. The Does alleged that the touching occurred during their medical treatment — during their annual examinations. The Does allege that Dr. Van de Loo asserts he had a legitimate medical purpose for manipulating the boys' penises during their genital examinations, and the Does claim that Dr. Van de Loo's "touching" during the medical examination was "unnecessary and improper treatment." These allegations could constitute an actionable medical malpractice claim. Northwest Gen. Hosp. v. Yee, 115 Wis. 2d 59, 61-62, 339 N.W.2d 583 (1983) (This court has held that "unnecessary and improper treatment [] constitute[s] malpractice.").
¶ 5. Further, this case comes to us following a motion to dismiss. Our review on a motion to dismiss requires us to accept the facts alleged in the pleadings as true. See Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶ 11, 283 Wis. 2d 555, 699 N.W.2d 205. The Does' pleadings allege both unnecessary and improper treatment and that Dr. Van de Loo professes a medical reason for the manipulation of the Does' genitals. Accordingly, we cannot hold as a matter of law that no claim exists under medical malpractice law. We therefore analyze whether the circuit court properly dismissed the Does' medical malpractice claim based on the statute of limitations in Wis. Stat. § 893.55(lm)(a). To decide whether the statute of limitations bars the Does' medical malpractice claims, we must determine whether their claims accrued on the date Dr. Van de Loo last physically touched the Does during their genital examinations or whether accrual occurred when the Does learned that Dr. Van de Loo's genital examination may, in actuality, have constituted a criminal act.
*359 ¶ 6. We hold that the Does' claims accrued on the date of the last physical touching by Dr. Van de Loo because that is the only moment at which a "physical injurious change" occurred. This is consistent with the "physical injurious change" test we use for determining accrual in medical malpractice cases. See Estate of Genrich v. OHIO Ins. Co., 2009 WI 67, ¶ 17, 318 Wis. 2d 553, 769 N.W.2d 481 (" [T]he determination of a 'physical injurious change' is the appropriate benchmark for establishing the date of 'injury' under Wis. Stat. § 893.55(lm)(a)."). The Does' last appointments with Dr. Van de Loo were December 31, 2008 for Doe 56 and December 31, 2009 for Doe 57. They did not file this medical malpractice action until October 2013, more than three years after each boy's last genital examination with Dr. Van de Loo. Accordingly, the Does' claims for medical malpractice are time-barred by the three-year medical malpractice statute of limitations, Wis. Stat. § 893.55(lm)(a).[5] Therefore, the decision of the court of appeals is affirmed.
I. BACKGROUND
f 7. On October 9, 2013, John Doe 56, John Doe 57, and their parents filed suit against Dr. Van de Loo, Mayo Clinic Health System, ProAssurance Casualty Company and the Injured Patients and Families Compensation Fund alleging a variety of claims, including a claim for medical malpractice, which is the only *360 claim involved in this appeal.[6] The facts and any reasonable inferences derived therefrom are taken from the Does' complaint and are set forth below.
¶ 8. The complaint's first paragraph states that these boys "may have been the victim[s] of sex crimes." From 2003 to 2008, Dr. Van de Loo served as Doe 56's primary care physician. During this timespan, while Doe 56 was 10 to 15 years old, he received medical treatment from Dr. Van de Loo that included Dr. Van de Loo touching Doe 56's genitals. Doe 57 also received medical treatment from Dr. Van de Loo, including touching of Doe 57's genitals between 2003 to 2009 when Doe 57 was 8 to 14 years old. During the respective time periods, Dr. Van de Loo "inflicted harmful bodily contact" on the Does "on multiple occasions." As a result of this contact, the boys suffered "great pain of mind and body" and Dr. Van de Loo's actions "caused bodily harm." The Does do not provide specific dates for their examinations, but instead give only a year range.
¶ 9. The Does' complaint further alleges: Dr. Van de Loo "touched the genitals of additional minor male patients" and "did not wear gloves while he was performing examinations of minor male patients." The examinations included physical manipulation of the penis. Dr. Van de Loo asked parents to leave the room during the genital examination, leaving the doctor and the minor patient alone in the room.
f 10. In August 2012, a minor male patient reported that Dr. Van de Loo had touched his genitals during a physical examination and this led to criminal charges being filed against Dr. Van de Loo in October *361 2012 for " second[-] degree sexual assault by an employee of an entity and one for exposing genitals or pubic area." The State ultimately charged Dr. Van de Loo with 16 felony counts based on his conduct with male patients.[7] The Does allege that Dr. Van de Loo claimed his genital examinations served a medical purpose in furtherance of professional medical services and denied that his conduct was criminal.
¶ 11. The Does assert they did not discover any damages until the October 2012 news report on the criminal case against Dr. Van de Loo. At that time, they discovered that Dr. Van de Loo's conduct caused them profound psychological damages.[8] The boys "now realize" they have suffered "and will continue to suffer great pain of mind and body, including, but not limited to: depression, anxiety, embarrassment, emotional distress, self-esteem issues, and loss of enjoyment of life."
¶ 12. The medical malpractice cause of action alleged Dr. Van de Loo "failed to exercise reasonable care and medical skill in. . . which he diagnosed, cared, treated and rendered medical services to Doe 56, including, but not limited to providing unnecessary and improper treatment."
*362 f 13. The defendants filed motions to dismiss arguing the medical malpractice statute of limitations expired, barring the Does' claims based on medical malpractice.[9] The circuit court granted the motions to dismiss on statute of limitations grounds and the court of appeals affirmed. We granted the Does' petition for review.
II. STANDARD OF REVIEW
f 14. This case involves the review of a motion to dismiss, which presents a question of law we review independently. Alberte v. Anew Health Care Servs. Inc., 2000 WI 7, ¶ 6, 232 Wis. 2d 587, 605 N.W.2d 515. A motion to dismiss tests the sufficiency of a complaint and will be upheld only when there are no conditions under which a plaintiff may recover. Kaloti Enters., Inc., 283 Wis. 2d 555, ¶ 11. Whether a plaintiffs complaint fails to state a claim is a question of law we review de novo. Id., f 10. Moreover, in a review of a motion to dismiss, we construe the pleadings liberally and accept as true both the facts contained in the complaint and any reasonable inferences arising from those facts. Id., ¶ 11. The motion to dismiss here is based on whether the complaint was timely filed under the applicable statute of limitations, Wis. Stat. § 893.55(lm)(a). This involves the interpretation and application of a statute to an undisputed set of facts, which also presents a question of law we review de *363 novo. Genrich, 318 Wis. 2d 553, ¶ 10. If a complaint is not timely filed, the claim is time-barred and dismissal will be upheld. See Pritzlaff v. Archdiocese of Milwaukee, 194 Wis. 2d 302, 312, 533 N.W.2d 780 (1995).
¶ 15. In this case, whether the Does' medical malpractice claims were timely filed is dependent upon when their claim accrued. Accrual dates in medical malpractice claims are based on the date of injury or, if applying the discovery rule, the date the injury was or should have been discovered. See Wis. Stat. § 893.55(lm).
III. ANALYSIS
A. Medical Malpractice Statute of Limitations
¶ 16. Wisconsin Stat. § 893.55(lm)(a) provides:
(lm) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
(a) Three years from the date of the injury[.]
¶ 17. Courts are repeatedly asked to apply this statute to a particular set of facts to determine whether a medical malpractice claim was timely filed. Although every case is different, Wisconsin case law has over time developed a consistent test for determining the date of injury in medical malpractice claims under Wis. Stat. § 893.55(lm)(a): it is the date of the "physical injurious change." Genrich, 318 Wis. 2d 553, ¶ 17. This test has worked in a variety of factual *364 scenarios and withstood the test of time. It was applied when the negligent conduct was a misdiagnosis, see Paul v. Skemp, 2001 WI 42, 242 Wis. 2d 507, 625 N.W.2d 860 (physical injurious change was when blood vessel ruptured); when the negligent conduct was a failed tubal ligation, see Fojut v. Stafl, 212 Wis. 2d 827, 569 N.W.2d 737 (Ct. App. 1997)(physical injurious change was the moment of conception), and when a foreign object was left in the patient during surgery, see Genrich, 318 Wis. 2d 553 (physical injurious change was when a sponge was left inside a surgical patient).
¶ 18. Thus, we must determine when the physical injurious change occurred here. The Federal District Court for the Western District of Wisconsin recently decided this exact issue in Doe 52 v. Mayo Clinic Health System-Eau Claire Clinic, Inc., 98 F. Supp. 3d 989, 994-95 (W.D. Wis. 2015). Doe 52 involved similar allegations by another male, minor patient of Dr. Van de Loo. Doe 52 alleged a medical malpractice claim against Dr. Van de Loo based on " 'unnecessary and improper [medical] treatment' in the form of inappropriate touching." Id. (citation omitted; brackets in original). Doe 52 had undergone the same genital examinations as the Does while a patient of Dr. Van de Loo. See id. at 990-91. Doe 52 made the same argument to the federal district court that the Does make here: that no injury occurred (and therefore no claim accrued) until he learned that the State was charging Dr. Van de Loo criminally for the genital examinations. Id. at 994. The Doe 52 court rejected this argument and held that Doe 52's claims accrued at the time Dr. Van de Loo last inappropriately touched Doe 52. Id. at 995-96. The Doe 52 court reasoned that because the *365 malpractice alleged was unnecessary and improper treatment, specifically inappropriate touching, "the 'physical injurious change' plaintiff suffered was the touching, and any later emotional distress was an additional injury[.]" Id. at 996 (emphasis added). As a result, the Doe 52 court held that Doe 52's claims, which were filed more than three years from the last genital examination, were time-barred by Wis. Stat. § 893.55(lm)(a). We agree with this analysis.[10]
¶ 19. In a medical malpractice claim based on unnecessary and improper treatment of inappropriate touching, the physical injurious change occurs at the time of the touching. These boys suffered an injury when Dr. Van de Loo physically touched their genitals in an allegedly inappropriate way. To hold otherwise runs contrary to existing case law and would defeat the purpose behind the medical malpractice statute of limitations that "prompt litigation ensures fairness." See Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund, 2000 WI 98, ¶¶ 51-54, 237 Wis. 2d 99, 613 N.W.2d 849.
¶ 20. The Does contend that there was no physical injurious change at the time of the allegedly inappropriate touching because they did not know at that time that the touching was wrongful. Therefore, the *366 Does argue their cause of action could not have accrued at the time of the touching. Although we are sympathetic to this argument, we are not persuaded by it. Expiration of the medical malpractice statute of limitations before a patient knows about the injury is unfortunately a consequence of the legislature's policy reasons for enacting the medical malpractice statute of limitations. See Aicher, 237 Wis. 2d 99, ¶¶ 2-6. In Aicher, a 13-year-old claimed she became blind in one eye as a result of alleged medical malpractice committed during an examination of Aicher when she was a newborn. Id., ¶ 2. We held her claim was time-barred by Wis. Stat. § 893.55. Id., ¶ 6. We explained that the medical malpractice statute of limitations was enacted to promote prompt litigation of claims, to put the alleged wrongdoer on notice to defend a claim within a specified time period, and to avoid stale or fraudulent claims "brought after memories have faded or evidence has been lost." Id., ¶ 27 (citation omitted). Sometimes Wis. Stat. § 893.55 expires before a patient knows an injury occurred:
We see no distinction between closing the doors to the courtroom for claimants when an injury has not been discovered within a fixed period of time after some act or omission and closing the doors to the courtroom for a person whose injury has not yet occurred within a fixed period of time after some act or omission. The effect of extinguishing a remedy in court is the same. This court has concluded many times that the legislature may sever a person's claim by a statute of limitations or a statute of repose when the person has had no possibility of discovering the injury — when the person has been blameless in every respect. These decisions represent judicial deference to the stated policy of the legislature.
*367 Aicher, 237 Wis. 2d 99, ¶ 50. The physical injurious change here occurred when Dr. Van de Loo allegedly inappropriately touched the Does' genitals. The fact the Does may not have known at the time that the touching was allegedly inappropriate or that the manipulation of their genitals constituted the physical injurious change does not change this fact. See Fojut, 212 Wis. 2d at 831-32 (physical injurious change from negligent tubal ligation was moment of conception, a date the patient could not have known).
¶ 21. We are further not persuaded by the Does' claim that no physical injurious change occurred at all because Dr. Van de Loo's physical manipulation of their penises with his bare hands did not leave bruises, scrapes, or other physical damage. Lack of a physical mark does not mean that no physical injury occurred under the circumstances here. As the Does allege in their complaint: Dr. Van de Loo's alleged inappropriate touching "caused bodily harm" and was "harmful bodily contact." The physical injurious change here was the alleged improper sexual manipulation of the penis, a physical action. The boys' genitals were physically touched in an allegedly inappropriate sexual way, which had not occurred prior to Dr. Van de Loo's allegedly negligent conduct. To conclude otherwise would result in a holding that a patient who is wrongfully touched in a sexual manner by his or her physician does not have an actionable claim after the improper touching unless the physician does physical damage to their genitals.
| 22. Further, accepting the Does' position that their claim did not accrue until they learned that Dr. Van de Loo was being charged criminally for similar genital examinations would result in a limitless extension of the medical malpractice statute of limitations *368 and change the causation connection in medical malpractice cases from the negligent act to a fortuitous event — here the media reporting about the criminal charges against Dr. Van de Loo.
¶ 23. In essence, the Does are asking us to conclude that they had no injury until they learned about the criminal charges against Dr. Van de Loo. Stated otherwise, learning about the criminal charges caused them to be injured for the first time. This would mean that if no patient had ever reported Dr. Van de Loo's genital examination as improper, or the State had declined to file criminal charges, or the media had not reported on the charges or the Does never saw the media reports, the Does would never have suffered an injury and their claim would never have accrued. The Does' position is not reasonable. The date of injury of a patient's medical malpractice claims cannot be tethered to whether or when the media reports on an allegedly criminal act, nor can it be dependent on whether another patient makes a report. A physician's actions either fall below the standard of care and cause injury or they do not. Knowledge that a physician is being charged criminally cannot be the causal factor in whether or not medical negligence results in injury. Moreover, adopting the Does' position could indefinitely extend the medical malpractice statute of limitations. Here, the news report about Dr. Van de Loo came only a few years after the Does' last examination, but what if the news report came 10 or 20 or 30 years after the last contact with Dr. Van de Loo? This would defeat the legislature's purpose for enacting Wis. Stat. § 893.55, see Aicher, 237 Wis. 2d 99, ¶¶ 22-27, 29-32, 50-51, 53-54, and would be unreasonable. We will not inter *369 pret a statute in a way that renders it absurd or unreasonable. See State v. Ziegler, 2012 WI 73, ¶ 43, 342 Wis. 2d 256, 816 N.W.2d 238.
¶ 24. Thus, we conclude that the Does' medical malpractice claims accrued on the date of the last genital examination. It was on that date that each suffered the "physical injurious change" that triggered the start of the three-year statute of limitations. The psychological injuries, caused by the knowledge that Dr. Van de Loo had been criminally charged for similar touching of other boys, constituted a subsequent injury from the same tortious act (the inappropriate touching). This emotional manifestation based upon the previously completed physical injury (the improper touching of the boys' genitals during the physical examination) does not restart the running of the statute of limitations. See Genrich, 318 Wis. 2d 553, ¶ 21 ("later injury arising from the same tortious act does not restart the running of the statute of limitations") (citations and quotation marks omitted).
¶ 25. The Does do not provide the specific date of the last genital examination in their complaint, but include only a year range. The parties, however, agreed to use the last date of each calendar year from the last year in the range given. For Doe 56, that date was December 31, 2008 and for Doe 57 that date was December 31, 2009. Thus, the three-year statute of limitations for Doe 56 expired December 31, 2011, and the three-year statute of limitations for Doe 57 expired December 31, 2012. Because the Does did not file their medical malpractice complaint until October 2013, their claims are time-barred by Wis. Stat. *370 § 893.55(lm)(a). Accordingly, their complaints were properly dismissed and the decision of the court of appeals is affirmed.[11]
B. Reliance on John BBB Doe v. Archdiocese of Milwaukee[12] in a medical malpractice case
¶ 26. John BBB Doe involved seven cases alleging that priests in the Milwaukee Archdiocese sexually assaulted the minor victims. Id., 212 Wis. 2d 312, 318, 565 N.W.2d 94 (1997). The issue involved determining the date on which the victims discovered or should have in the exercise of reasonable diligence discovered that the sexual abuse caused injury. Id. at 318-19. We held that a victim of this clergy sexual abuse either discovered or should have discovered "that he or she was injured at the time of the alleged sexual assaults or by the last date of the alleged multiple assaults." Id.
¶ 27. The circuit court in this case applied John BBB Doe to Does 56 and 57's claims to conclude that both boys either discovered or should have discovered that they were injured on the date of the last inappropriate genital exam. The court of appeals in this case also applied John BBB Doe to conclude that the Does' negligence claims against Mayo Clinic accrued at the *371 time of the touching. See John Doe 56 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc., No. 2014AP1177, unpublished slip op., ¶ 22 (Wis. Ct. App. Apr. 1, 2015)(per curiam). In this court, however, the Does are not making a discovery-rule argument. Thus, the John BBB Doe discovery-rule holding is not pertinent to our analysis. See id., 211 Wis. 2d at 318-19.[13]
IV. CONCLUSION
¶ 28. We hold that the Does' claims accrued on the date of the last physical touching by Dr. Van de Loo because that is the moment at which the "physical injurious change" occurred in this medical malpractice case. See Genrich, 318 Wis. 2d 553, ¶ 17. Dr. Van de Loo's last physical contact with the Does' genitals occurred when he manipulated each boys' penis in an allegedly inappropriate and unnecessary manner. The dates of the last genital examinations were December 31, 2008 for Doe 56 and December 31, 2009 for Doe 57. The Does did not file these medical malpractice claims until October 2013, more than three years after each Doe had his last genital examination. Accordingly, their medical malpractice claims are time-barred by the medical malpractice statute of limitations, Wis. Stat. § 893.55(lm)(a). Further, we see no reason to *372 extend John BBB Doe to this medical malpractice case where the discovery rule is not an issue.[14]
*373 By the Court. — The decision of the court of appeals is affirmed.

 John Doe 56 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc., No. 2014AP1177, unpublished slip op. (Wis. Ct. App. Apr. 1, 2015)(per curiam).

 The Honorable Michael A. Schumacher of Eau Claire County presided.

 Wisconsin Stat. § 893.55, in pertinent part provides:
(lm) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
(a) Three years from the date of the injury, or
(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.
All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated. We cite to the most recent version of the statutes because no pertinent changes have been made.

 Dr. Van de Loo is no longer licensed to practice medicine in Wisconsin. We refer to him with the title "Dr." throughout the opinion because he was licensed at the time he rendered treatment to the Does in this medical malpractice case, and because the absence of his Wisconsin license to practice medicine does not change the fact that he obtained a medical degree.

 Although the Does argued the discovery rule in the circuit court, they abandoned this argument on appeal. They do not argue that their claim was timely filed under Wis. Stat. § 893.55(lm)(b)'s one-year date-of-injury discovery rule, and therefore we analyze only when the Does' claim accrued under § 893.55(lm)(a).

 The Does' attorney vociferously emphasized during oral argument that the only claim being argued here is the claim for medical malpractice.

 Dr. Van de Loo states in his brief that a jury acquitted him on 14 of the 16 criminal counts with which he was charged, and that the prosecutor agreed to dismiss the remaining two counts in exchange for Dr. Van de Loo's agreement to stop practicing medicine and surrender his medical license. This information, however, is not contained in the record.

 As noted, the Does are not arguing the discovery rule on appeal. The Does use the term "discover" not in the sense that they discovered that Dr. Van de Loo had injured them when he touched their genitals, but to argue that the October 2012 news about Dr. Van de Loo caused the actual injury.

 The circuit court decided additional motions to dismiss not pertinent here as this appeal involves only the Does' dismissal of their medical malpractice claims. The parties reported at oral argument that the Does' claim for sexual battery against Dr. Van de Loo survived all of the motions to dismiss and is still pending in the circuit court.

 The dissent criticizes our reliance on this federal case because a federal district court decision is not binding authority. See dissent, ¶ 45. Although it is true we are not bound by federal district court decisions, see State v. Mechtel, 176 Wis. 2d 87, 94, 499 N.W.2d 662 (1993), the opinion on which we rely is highly persuasive. It is a 2015 decision from the Western District of Wisconsin involving the same defendant as in this case — Dr. Van de Loo; it addresses the same unique circumstances presented here; and its analysis is reasonable, logical, and consistent with Wisconsin case law.

 This does not leave the Does without a remedy. Pursuant to Wis. Stat. § 893.587, the Does have claims for sexual assault that are not barred until they are 35 years old. See id. ("Sexual assault of a child; limitation. An action to recover damages for injury caused by an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred.") As explained in footnote 9, the Does' sexual battery claim is still pending.

 See John BBB Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 565 N.W.2d 94 (1997).

 We are not convinced that John BBB Doe should apply to a medical malpractice case. There are significant differences between clergy-abuse cases and alleged sexual abuse in a medical malpractice case. Namely, there are medical reasons for a physician to touch a patient's genitals in the course of a legitimate physical examination. Although the line between an inappropriate sexual touching and a medically necessary touching of the body may not always be clear, a physician nevertheless is in a very different position than a priest or clergy-person. A priest or clergy-person has no legitimate reason to touch another person's genitals.

 The dissent's analysis in support of its conclusion that the Does' case is most like Paul v. Skemp, 2001 WI 42, ¶ 20, 242 Wis. 2d 507, 625 N.W.2d 860, is illogical.
Paul was a misdiagnosis case, where the negligence was an omission leading to an injury that occurred two months after Paul was last seen. See Paul, 242 Wis. 2d 507, ¶ 2, ¶¶ 4-5. The physical injurious change did not occur at the same time as the negligent act, but the Pauls' lawsuit was filed within the five-year statute of repose. Id., ¶¶ 6, 12. The Does' case is not a misdiagnosis case, Dr. Van de Loo's alleged negligent act was the affirmative act of touching the boys' genitals (allegedly unnecessary and improper treatment) rather than an omission, and the Does' physical injurious change occurred at the time of the touching. Attempting to analogize the Does' case to a misdiagnosis case is simply wrong.
The dissent's second point suggesting that this opinion creates a statute of repose not found in Wis. Stat. § 893.55(lm) is also unfounded. The statute of repose issue raised by the dissent — and notably not by the parties — is unnecessary to resolve the case presented to us; therefore we do not address it. The dissent's statements misconstrue an issue not before this court and warrant clarification. In dicta, Paul raised the possibility that the date of injury under § 893.55(lm)(a) could potentially exceed the five-year statute of repose in § 893.55(lm)(b) and urged the legislature to resolve the potential conflict. Paul, 242 Wis. 2d 507, ¶¶ 48-49. The legislature has not taken up that request. Isolated cases, relying on Paul's dicta, have held that the five-year statute of repose in § 893.55(lm) only applies to the discovery rule paragraph (b) and is inapplicable to paragraph (a). See, e.g., Storm v. Legion Ins. Co., 2003 WI 120, ¶¶ 9-10, 265 Wis. 2d 169, 665 N.W.2d 353 (alleging medical malpractice against psychologists where hypnosis was used to recover memories of childhood sexual abuse that were later found to be untrue and allegedly led to patient developing multiple personality disorder; also involving tolling for mental illness); Forbes v. Stoeckl, 2007 WI App 151, ¶ 1, 303 Wis. 2d 425, 735 N.W.2d 536 (doctrine of con *373 tinuous treatment in dental malpractice case applies, allowing claim timely made under Wis. Stat. § 893.55(l)(a) to include negligence that pre-dates the five-year repose limitation under (l)(b)).
Before Wis. Stat. § 893.55 was enacted, there was no discovery rule applicable to medical malpractice actions, see Claypool v. Levin, 209 Wis. 2d 284, 292—94, 562 N.W.2d 584 (1997), and medical malpractice claimants had to file suit within three years of their injury. See Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund, 2000 WI98, ¶ 24, 237 Wis. 2d 99, 613 N.W.2d 849. As cases arose where claimants did not discover their injuries until after three years had already passed, we urged the legislature to amend the statute of limitations because three years from the time of injury was "too short." Id. (citations omitted). The legislature later enacted the current statute of limitations:
(lm) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
(a) Three years from the date of the injury, or
(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission. FLWis. Stat. § 893.55.
Finally, we note the reasons the legislature enacted this statute of limitations (as well as the statute of repose): to promote fair and prompt litigation, protect defendants from stale or fraudulent claims, and ensure claims are litigated before the truth is "obfuscated by death or disappearance of key witnesses, loss of evidence, and faded memories." Aicher, 237 Wis. 2d 99, ¶ 27. Adopting the Does' argument in this case would eviscerate the three-year statute of limitations and flout the legislative policy choices on which it is based by effectively allowing a plaintiff to bring a medical malpractice claim *374 whenever he chooses simply by alleging his emotional distress began even decades after the allegedly unnecessary and improper treatment occurred.