COURT OF APPEALS
DECISION
DATED AND FILED

March 10, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP1251**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020SC921

**IN COURT OF APPEALS
DISTRICT II**

TIMOTHY L. HOELLER,

   PLAINTIFF-APPELLANT,

 V.

JUSTIN PERRAULT, FRANCESKA BACKUS AND GINA COLLETTI,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Waukesha County: WILLIAM DOMINA, Judge. *Affirmed*.

¶1      GUNDRUM, J.[1]  Timothy Hoeller appeals pro se from an order dismissing his compliant for failure to state a claim upon which relief can be granted. For the following reasons, we affirm.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

### *Background*

¶2    Hoeller filed this small claims court action against Justin Perrault, Franceska Backus, and Gina Colletti (Respondents).  In his complaint, he references a February 22, 2019 letter apparently issued by Perrault, "Legal Clerk to Judge Michael Bohren," which letter was included with the complaint.  The letter states in toto:

> Your recent filing for a motion for a de novo hearing on your temporary restraining order has been reviewed by the court.  After much consideration it has been determined that your motion is dismissed without prejudice.  This is based upon the wording of the motion and because of the timing of its filing.
>
> If you have any further questions please feel free to contact the civil division.

¶3    Hoeller indicates in his complaint that he "never appeared in *Civil Temporary Restraining Order Case No. 18 CV 376, Carroll University v. Timothy L. Hoeller*" and claims that "[t]he reason" he never appeared was this letter.  He adds that "[t]he letter constitutes deception in which it looks like a court order but it is not."  He complains that when he appealed the Carroll University suit, "the appeal was deemed frivolous when [this] letter … was read by the Court of Appeals and someone in the Trial Court acknowledged that the case was dismissed in the Trial Court based on that letter."  The complaint continues:  "[The letter] attempts to simulate a court order in which, upon appeal, the letter was interpreted as an invalid reason for an appeal as it was deemed not a court order."  He then complains that "[n]o money that the Waukesha County Clerk of Court took for the appeal was ever refunded under the grounds that the letter denying hearing of the action was part of a sham action of the Waukesha County Clerk of Court to collect appeals fees and not provide Hoeller notice of his civil rights."

¶4    Hoeller's complaint continues:

> In addition to the above allegations through [the letter], the [Respondents] have put themselves into the position of acting like a judge and exercising rights outside the norms of their job duties.

> Even if [the Respondents] have not put themselves into the position of being a judge, the job duties that they are showing can be those of a law background like an attorney who has duties under guidelines of the 7th Circuit Court of Appeal to not interfere with cases.

Hoeller then references an attachment "where the terminology 'obstructive impedes' is used." That attachment purports to be "Standards For Professional Conduct Within The Seventh Federal Judicial Circuit" and underlined in the preamble is "obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently."

¶5    The Respondents moved to dismiss the complaint on numerous grounds, including failure to effectuate proper service, failure to serve a written notice of claim under WIS. STAT. § 893.80, failure to state a claim, and the entitlement of the respondents to absolute and/or discretionary immunity. The circuit court granted the motion on the basis "that there is no claim stated that can be prosecuted." The court continued: "Mr. Hoeller appears to complain that a letter signed by a clerical assistant to the Honorable Michael O. Bohren somehow created a cause of action." The court indicated that "at a minimum" the clerk benefited from "quasi judicial immunity." It added that "[t]he documents raise additional basis for dismissal and there appears to be no written submission in opposition."

¶6    Hoeller's subsequent motion for reconsideration was also denied by the circuit court, with the court stating:

> [Hoeller] again files a plethora of nonsensical material which purports to be a request for this Court to reconsider the

3

dismissal of this matter after a de novo review of the record filings. As in the past, Mr. Hoeller provides neither coherent citation nor support for any basis upon which this court should reconsider the conclusion resulting in dismissal.

Hoeller appeals.

### *Discussion*

¶7      We review de novo whether a complaint fails to state a claim upon which relief may be granted. *See Doe 56 v. Mayo Clinic Health Sys.—Eau Claire Clinic, Inc.*, 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681.

¶8      Carefully parsing through Hoeller's complaint and the documents attached to it, it is as much a mystery to us as it was to the circuit court as to precisely what Hoeller's claim is. His appellate briefing fails to provide much more light on his claim.

¶9      On appeal, Hoeller fails to sufficiently develop an argument and cites to no relevant legal authority in support of any of the assertions he makes.[2] As we have stated, we do not consider insufficiently developed arguments, *see Wisconsin Conf. Bd. of Trs. of United Methodist Church, Inc. v. Culver*, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469; *W.H. Pugh Coal Co. v. State*, 157 Wis. 2d 620, 634, 460 N.W.2d 787 (Ct. App. 1990), and "we will not abandon our neutrality to develop arguments" for a party, *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Furthermore, on appeal it is appellant's burden to demonstrate that the circuit court

---

[2] At several points in his briefing, Hoeller refers to per curiam decisions of this court. Pursuant to WIS. STAT. § 809.23(3)(a), with exceptions not applicable here, per curiam decisions are not precedent and may not be cited.

erred. *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Hoeller has failed to satisfy this burden.[3]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] At one point Hoeller asserts that the Confrontation Clause applies to this case. This is a civil, not criminal, case, and neither the state nor federal confrontation clause right applies in a civil case. *Town of Geneva v. Tills*, 129 Wis. 2d 167, 176, 384 N.W.2d 701 (1986).