# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:            2019AP1540

Complete Title of Case:

**BRANDON WINZER,**

   **PLAINTIFF-APPELLANT,**

   **V.**

**DR. HARTMANN AND MERCY MEDICAL CENTER,**

   **DEFENDANTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | September 29, 2021 |
| Submitted on Briefs: | May 27, 2021 |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Reilly, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:          On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Malinda J. Eskra* and *Monica A. Mark* of *Reinhart Boerner Van Deuren s.c.*, Madison.

Respondent
ATTORNEYS:          On behalf of the defendant-respondent, Dr. Hartmann, the cause was submitted on the brief of *Jeffrey T. Nichols* and *Stacy K. Luell* of *Crivello Carlson, S.C.*, Milwaukee.

On behalf of the defendant-respondent, Mercy Medical Center, the cause was submitted on the brief of *Mark T. Budzinski* and *Christina Davis Sommers*, Green Bay.

COURT OF APPEALS
DECISION
DATED AND FILED

September 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1540**

Cir. Ct. No. 2018CV1052

STATE OF WISCONSIN

IN COURT OF APPEALS

---

BRANDON WINZER,

   PLAINTIFF-APPELLANT,

V.

DR. HARTMANN AND MERCY MEDICAL CENTER,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Winnebago County: TERESA S. BASILIERE, Judge. *Reversed and cause remanded for further proceedings.*

Before Gundrum, P.J., Neubauer and Reilly, JJ.

¶1 NEUBAUER, J. Brandon Winzer appeals from a circuit court order dismissing his medical malpractice claim against Dr. Hartmann[1] and Mercy Medical Center (Mercy) as time-barred under the applicable statute of limitations, WIS. STAT. § 893.55(1m) (2019-20).[2] Winzer argues that the court erred in concluding that his claim was filed more than three years after the injury. We agree with Winzer that the motion to dismiss was erroneously granted, as the allegations of the complaint do not establish that Winzer's claim is time-barred as a matter of law. We reverse and remand to the circuit court for further proceedings.

¶2 Winzer alleges the following facts in his complaint. In 2009, while an inmate at the Green Bay Correctional Institution, Winzer complained to the health services unit about stomach cramps, and in 2010 he complained to the same unit about dizziness and lightheadedness. Prior to his transfer to Oshkosh Correctional Institution in March 2012, Winzer submitted twelve more health services requests. Winzer was eventually sent to Mercy on October 11, 2012, to have a CT scan done after submitting several more complaints about cramps, stomach pain, and stomach problems to the Oshkosh health services unit in May and August, and again in October and November, 2012. Hartmann analyzed the CT scan upon completion and reported "no mass present," or "no significant abnormality identified."

---

[1] We note that the caption, complaint, motion to dismiss, briefs of the parties, and other record documents refer to the doctor as only "Dr. Hartmann," without providing a full name. On appeal, we use the same caption as was used in the circuit court, and, because it appears from the record that there was no effort made by the parties to correct the caption to include the doctor's full name, we do not include a full name for the doctor on appeal.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶3      On March 13, 2014, Winzer again complained, alleging that he "had blood in his stool," and on June 9 he again complained of "stomach spasms and pain." Winzer complained later in 2014 and from March 2015-March 2016 that his prescribed pain medication was not working and that he still was having discomfort in his stomach.

¶4      Winzer's condition worsened through 2017, and he began throwing up a black substance, having black stools, and "sweat[ing] really bad." On August 8, 2017, Winzer lost consciousness and was rushed to Mercy for an emergency surgery, which resulted in the loss of 25 percent of his stomach because of him "succumb[ing] to the cancer." A radiologist then determined that the tumor that was removed during this surgery was the "same tumor from 2012" and "nothing had been done about it."

¶5      Winzer filed his complaint on December 19, 2018, against Hartmann and Mercy alleging Hartmann's misdiagnosis of his cancerous tumor caused Winzer's injury. Hartmann and Mercy filed a motion to dismiss arguing, as is pertinent here, that Winzer failed to timely file his complaint.[3] The circuit court granted the motion. The court concluded that Winzer's complaint was barred by the statute of limitations regarding medical malpractice claims. The court found

---

[3] Hartmann and Mercy also moved on the ground that Winzer failed to file a request for mediation, which the circuit court declined to address on the merits. Neither Hartmann nor Mercy address this issue on appeal and we thereby deem it abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("an issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned").

that the alleged date of injury was when Hartmann failed to correctly diagnose Winzer in 2012, the alleged negligent "act or omission." Winzer appeals.[4]

¶6 "A motion to dismiss tests the sufficiency of a complaint," and a circuit court's grant of such a motion "will be upheld only when there are no conditions under which a plaintiff may recover." *Doe 56 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc.*, 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681. Whether a complaint states a claim for relief is a question of law we review independently. *Id.* "Moreover, in a review of a motion to dismiss, we construe the pleadings liberally and accept as true both the facts contained in the complaint and any reasonable inferences arising from those facts." *Id.* A case presenting the question of whether the circuit court properly dismissed the complaint under the applicable statute of limitations "involves the interpretation and application of a statute to an undisputed set of facts, which also presents a question of law we review de novo." *Id.*

¶7 The primary issue is whether Winzer's medical malpractice claim based on an alleged omission, a misdiagnosis, is barred by WIS. STAT. § 893.55(1m), which provides as follows:

> **(1m)** Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or

---

[4] Winzer first appeared pro se before the circuit court and on appeal. We subsequently requested a recommendation for appointment of pro bono appellate counsel through the Appellate Practice Section of the State Bar of Wisconsin, and appellate counsel for Winzer agreed to provide representation.

(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Sec. 893.55(1m)(a)-(b).

¶8      Winzer argues that the three-year statute of limitations under WIS. STAT. § 893.55(1m)(a) did not start running until he required emergency surgery in 2017.[5] That was the point at which he claims he suffered the serious physical consequences of Hartmann's misdiagnosis of, and failure to treat, his cancerous tumor.

¶9      Hartmann and Mercy concede that under WIS. STAT. § 893.55(1m)(a), the medical malpractice claim did not accrue when Hartmann allegedly misdiagnosed Winzer's condition in 2012. They acknowledge that under controlling case law, a medical malpractice claim accrues under para. (a) when a misdiagnosis causes an "injurious change," or a "greater harm," to the plaintiff. *See* ***Brusa v. Mercy Health Sys., Inc.***, 2007 WI App 166, ¶¶11, 14, 304 Wis. 2d 138, 737 N.W.2d 1.

¶10      Hartmann and Mercy contend that, in Winzer's case, he alleged an injurious change with his complaint of blood in his stool in March 2014, an allegation of the first "greater harm" than existed at the time of the alleged original misdiagnosis in 2012. They contend it was at that point that the medical malpractice claim accrued, and accordingly, Winzer missed the statutory filing deadline when he filed his complaint in December 2018.

---

[5] Winzer does not contend that the discovery provision, WIS. STAT. § 893.55(1m)(b), applies. Under the statute, a medical malpractice claim accrues—starting the statute of limitations—at the *later* date of when the plaintiff suffers an injury or the plaintiff discovers the injury. Sec. 893.55(1m)(a)-(b).

¶11 We agree that the circuit court erroneously granted the motion to dismiss Winzer's medical malpractice claim as barred by the three-year statute of limitations of WIS. STAT. § 893.55(1m)(a) when it determined that the claim accrued with the alleged misdiagnosis in 2012. Moreover, the allegations of the complaint do not otherwise establish that Winzer's claim is time-barred as a matter of law. Contrary to Hartmann and Mercy's contentions, the blood in Winzer's stool in March 2014 does not establish that Winzer's claim accrued at that time—that he suffered an actionable injurious change, a greater harm, caused by the alleged misdiagnosis. *See Paul v. Skemp*, 2001 WI 42, ¶25, 242 Wis. 2d 507, 625 N.W.2d 860.

¶12 In *Paul*, the patient was misdiagnosed with sinus pressure after complaining of headaches. *Id.*, ¶4. A year later, the patient was rediagnosed with an arteriovenous malformation (AVM) and died the following day. *Id.*, ¶5. The patient's estate filed suit less than three years from the patient's death, but more than three years after the misdiagnosis. *Id.*, ¶6. The Wisconsin Supreme Court held that the case was timely filed, explaining that the misdiagnosis itself is not an "injury" that starts the three-year clock on the statute of limitations. *Id.*, ¶25. The court explained its conclusion as follows:

> A misdiagnosis, in and of itself, is not, and cannot, be an actionable injury. The misdiagnosis is the negligent omission, not the injury. The actionable injury arises when the misdiagnosis causes a greater harm than existed at the time of the misdiagnosis. This comports with [WIS. STAT.] § 893.55(1) [(1995-96)], i.e., that the "injury arising ... from any omission" instigates the limitations period, not the omission.

*Id.*[6] The court offered two alternatives for when the actionable injury occurred, either at the time that the patient's blood vessel ruptured or at the time that her condition could no longer be treated. *Id.*, ¶45.

¶13 As *Paul* established, a misdiagnosis based on a negligent omission is not itself an actionable injury that starts the clock running on the statute of limitations. Rather, a claim accrues at the time that the doctor's misdiagnosis causes "a greater harm than existed" when the patient was misdiagnosed. *Id.*, ¶25. As the supreme court explained, "failure to diagnose the source of [the patient's] headaches did not cause the headaches, nor cause the AVM[,]" nor did the headaches "make it reasonably certain that [the patient] had been injured as a result of the misdiagnosis." *Id.*, ¶43. Rather, "the headaches were the initial condition for which [the patient] sought diagnosis and treatment from [the misdiagnosing doctor]; they were not the injury that resulted from the misdiagnosis." *Id.*

¶14 We applied the holding of *Paul* in a later case in which a patient was misdiagnosed with "probable diverticulitis," but a cancerous tumor was discovered months later to be the actual cause of the issue. *Brusa*, 304 Wis. 2d 138, ¶¶2-3. The patient died less than two years later because of the cancer. *Id.*, ¶4. While recognizing that the cause of action for malpractice accrues not at the time of misdiagnosis by itself, but rather at the time of the first injurious change caused by the misdiagnosis, we held that, on the basis of the summary judgment record, we could not determine when the injurious change occurred and, as a result, we remanded to the circuit court to resolve the issue. *Id.*, ¶14.

---

[6] The applicable statute of limitations provision has been renumbered since *Paul v. Skemp*, 2001 WI 42, 242 Wis. 2d 507, 625 N.W.2d 860; however, the language of the applicable provision has not changed. *See id.*, ¶11; *see also* 2005 Wis. Act 183, § 2.

¶15 Similarly, in **Paynter v. ProAssurance Wisconsin Insurance Co.**, 2019 WI 65, ¶86, 387 Wis. 2d 278, 929 N.W.2d 113, the court concluded the summary judgment record was "insufficient to make a reasonable inference one way or the other" as to when the injurious change occurred after a cancer misdiagnosis. A court must be able to ascertain from the record to a "reasonable, non-speculative degree" the date of the injurious change. **Id.**

¶16 This case was decided on a motion to dismiss by Hartmann and Mercy, and therefore the allegations, and all reasonable inferences, must be construed in a light most favorable to Winzer. *See* **Preston v. Meriter Hosp., Inc.**, 2005 WI 122, ¶13, 284 Wis. 2d 264, 700 N.W.2d 158 (the facts as pled must be taken as admitted, and we must draw any reasonable inferences in favor of the party against whom the motion is brought). Construing the pleadings liberally, we reject Hartmann and Mercy's contention that Winzer cannot recover under any circumstances. *See id.*

¶17 Winzer alleged that prior to the CT scan in 2012, he had complained of cramps and stomach pain and problems, in addition to making over a dozen additional requests for health services to the correctional institutions' health services units. He alleged that on March 13, 2014, he complained that he had blood in his stool. Contrary to Hartmann's and Mercy's contentions, Winzer did not allege that the blood in his stool was new. Indeed, the complaint did not detail what over a dozen complaints to the health services units said, nor did it need to. And it may be that the blood in Winzer's stool was not even related to the tumor, as this type of incident was not identified by Winzer after 2014. *See* **Paul**, 242 Wis. 2d 507, ¶34 (citation omitted) ("The negligence must cause an injury before there is an accrual of a claim.").

¶18 More to the point, the alleged blood in Winzer's stool does not necessarily establish an actionable injury—a "greater harm" or "injurious change" in the cancerous tumor caused by the misdiagnosis. While the blood could manifest a "greater harm," it might not, given Winzer's numerous complaints of cramps and stomach pain and problems prior to seeing Hartmann.

¶19 We would be speculating to conclude that this allegation precludes Winzer's claim as a matter of law. If the blood in Winzer's stool was related to his tumor, like Paul's headaches, it may have been part and parcel of Winzer's medical condition for which he sought medical care in 2012. And, in any event, the misdiagnosis must *cause* an *actionable* injury, a greater harm that is capable of enforcement, including entitlement to damages. *See id.*, ¶¶21-26 (*citing favorably St. George v. Pariser*, 484 S.E.2d 888 (Va. 1997) (misdiagnosis, which deprived the plaintiff of the opportunity to have the mole removed when the cancer was confined to the epidermis, resulted in actionable injury when the plaintiff became subject to the risk of recurrence of the cancer from the melanoma, and treatment for the melanoma required more extensive surgery and periodic testing)); *DeBoer v. Brown*, 673 P.2d 912, 914 (Ariz. 1983) ("Where a medical malpractice claim is based on a misdiagnosis or failure to diagnose a condition, the 'injury' ... is the development of the problem into a more serious condition which poses greater danger to the patient or which requires more extensive treatment."). In short, *Paul* instructs that, where a medical malpractice claim is based on a misdiagnosis or failure to diagnose, the greater harm is the development of the problem into a more serious condition which poses a greater danger to the patient or worsened

prognosis.[7] This complaint does not establish, as a matter of law, that the incident of blood in 2014 made "it reasonably certain that [Winzer] had been injured as a result of the misdiagnosis." *See Paul*, 242 Wis. 2d 507, ¶43.[8]

¶20     In sum, construing the allegations in the light most favorable to Winzer, as we must, we conclude that the circuit court erred in granting Hartmann and Mercy's motion to dismiss. Blood in Winzer's stool may not be demonstrative of greater harm. First, it may not be related to the tumor at all. Second, it may not be new. Third, even if it is new, it may be simply another symptom of the cancer that already existed at the time of the 2012 misdiagnosis, related to the ongoing stomach pain, cramps, and problems for which Winzer sought diagnosis and treatment. Finally, under the law applicable to this motion to dismiss, and in particular, this medical malpractice claim based on an alleged omission, we cannot speculate that the alleged failure to treat Winzer's tumor in 2012 caused an actionable injury to Winzer by 2014 when he experienced blood in his stool, such

---

[7] In addition to *St. George v. Pariser*, 484 S.E.2d 888 (Va. 1997) and *DeBoer v. Brown*, 673 P.2d 912 (Ariz. 1983), persuasive authorities from other jurisdictions also support Wisconsin's analysis of accrual of an injury involving the development of a more serious condition or a worsened prognosis following a misdiagnosis. *See Murtha v. Cahalan*, 745 N.W.2d 711, 717 (Iowa 2008) ("the 'injury' does not occur merely upon the existence of a continuing undiagnosed condition. Rather, the 'injury' … occurs when 'the problem [grows] into a more serious condition which poses greater danger to the patient or which requires more extensive treatment.'") (alteration in original) (quoting *DeBoer*, 673 P.2d at 914).

[8] The other cases on which Hartmann and Mercy rely are consistent with and support the analysis set forth in *Paul* and applicable here. *See Estate of Genrich v. OHIC Ins. Co.,* 2009 WI 67, ¶¶17-19, 318 Wis. 2d 553, 769 N.W.2d 481 (actionable injury caused by the negligence occurred when the infection-causing sponge was left in patient's abdomen during surgery); *Paul*, 242 Wis. 2d 507, ¶20 ("A tort claim is not capable of enforcement until both a negligent act and an accompanying injury have occurred.") (citation omitted).

as, for example, that the tumor had become more difficult to treat. The court erred in dismissing the complaint as a matter of law.[9]

*By the Court*.—Order reversed and cause remanded for further proceedings.

---

[9] The circuit court denied Winzer's request to have counsel appointed in April 2019 and again on a motion for reconsideration on May 30, 2019, and dismissed Winzer's complaint after a May 31, 2019 hearing. Upon remand, Winzer may renew his motion for appointment of counsel in light of our decision to reverse and remand.