Patricia **NIGOHOSIAN**, et al., **Plaintiffs**,

v.

**AMERICAN RED CROSS**,
et al., **Defendants**.

No. 93 C 4814.

United States District Court,
N.D. Illinois, E.D.

Dec. 3, 1993.

Robert C. Collins, Jr., Calumet City, IL, for plaintiffs.

Ronald L. Lipinski, Thomas H. Peckham, Cynthia A. Cohan of Seyfarth, Shaw, Fair-

weather & Geraldson, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

American Red Cross ("Red Cross") has filed a motion to dismiss this action brought by Patricia and Edward Nigohosian (collectively "Nigohosians") on the ground of Nigohosians' claimed noncompliance with the affidavit requirements of 735 ILCS 5/2–622 ("Section 2–622"). Nigohosians contend that the statute doesn't apply to their action to begin with.

Red Cross' motion has been fully briefed by the parties, but until now this Court had granted Nigohosians' motion to defer its decision—a deferral intended to enable their counsel to engage in any discovery necessary for them to obtain the health care professional's report that would be required if Section 2–622 were indeed found to be applicable to this case. However, a recent development has just cast a different light on the matter, occasioning this opinion.

By its terms Section 2–622(a) applies to any action "in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." Red Cross urges that its activity as a blood bank fits the "healing art" description because Red Cross is a "health care provider." Nigohosians respond that Red Cross' provision of units of blood for use by a hospital simply does not fit the statutory language, because it does not involve the rendition of health care services to a patient to whom the blood is supplied (in this instance the unit of blood that triggered Nigohosians' Complaint turned out to have been HIV-contaminated).

As chance would have it, the current batch of slip opinions from our Court of Appeals includes a short per curiam decision in *Doe v. American Nat'l Red Cross*, 9 F.3d 1293 (7th Cir.1993) that deals with a closely related question previously certified by our Court of Appeals to the Supreme Court of Wisconsin: whether the Red Cross, as the blood bank sued in an identical claim in that case, is a "health care provider" within the meaning of the Wisconsin medical malpractice statute.[1] Because the Wisconsin Supreme Court has since answered that question in the negative (*Doe v. American Nat'l Red Cross*, 176 Wis.2d 610, 500 N.W.2d 264 (1993)), our Court of Appeals found itself constrained to reverse the District Court's decision that had dismissed the *Doe* action as barred by limitations.

When the plaintiffs in *Doe* originally moved that our Court of Appeals certify the question of Red Cross' status to the Wisconsin Supreme Court, Red Cross opposed that motion vigorously, asserting that other existing Wisconsin Supreme Court case law on the meaning of "health care provider" was sufficiently analogous to justify a decision by our Court of Appeals (without having to resort to certification) that Red Cross came within that concept. That contention by Red Cross proved unpersuasive to the Court of Appeals (976 F.2d 372, 375 n. 5 (7th Cir. 1992))—and as stated in the preceding paragraph, Red Cross has now turned out to be wrong on the merits.

What has taken place before this Court in this action contains strong parallels to *Doe*. Red Cross urges here that other Illinois Supreme Court and Appellate Court decisions, though concededly not on point, still provide sufficient analogues to support the decision that Red Cross is charged by Nigohosians

---

1. That question was posed in a different context in *Doe*: not whether a claim against Red Cross came within the category for which an opinion of a qualified health professional as to the reasonable merits of the claim is a condition precedent to suit (Illinois' Section 2–622 requirement), but rather whether Does' claim against Red Cross was barred by limitations (Wisconsin has a shorter statute of limitations for malpractice actions against any "health care provider" than its general limitations period for personal injury actions). But despite that contextual difference, the definitional questions that must be answered under the two states' statutes are very close indeed—thus Red Cross' own Mem. 5 in support of its motion to dismiss this action stresses that "healing art malpractice" embraces a broad spectrum of cases, including not only actions against physicians and hospitals but also actions against "other related *health care providers.*" And because Red Cross contends that it is embraced within *that* category, it seeks to cloak itself in the Section 2–622 mantle.

with "healing art malpractice." Red Cross also urges the existence of arguably analogous decisions from courts in other states—precisely the same case law that it had pressed before the Wisconsin Supreme Court in *Doe* and that was found unpersuasive by that Court in deciding on the meaning of the statute in controversy there.

Of course what is at issue in *this* case is an Illinois statute for which the applicable rules of decision must be furnished by the Illinois Appellate Courts—preferably its Supreme Court or, in the absence of that, one of the intermediate Appellate Courts. And of course Illinois is not bound to follow its sister state even in construing similar (let alone identical) statutes. But in this instance Red Cross has not provided any Illinois authority at the appellate level that is really on point, and the thoughtful decision by the Supreme Court of Wisconsin commends itself to this Court as a reasonable indicator of how the Illinois Supreme Court would rule on the issue posed in this case.

As is true under Wisconsin law (Wis.Stat. Ann. § 821.01), Illinois does not allow certification of questions of law to its Supreme Court by federal District Courts—only by our Court of Appeals (Ill.Sup.Ct.Rule 20).[2] This Court therefore cannot get any real guidance on the correct answer to the question whether the Illinois Supreme Court, if confronted with the legal question posed by this case, would opt to join with its sister state to the north or would pursue a different legal path. Absent such a definitive guide, this Court must make its best predictive judgment (*Heller Int'l Corp. v. Sharp*, 974 F.2d 850, 858 (7th Cir.1992)). It decides for the present to follow the *Doe* analogy rather than the opposite alternative.

Accordingly this Court denies Red Cross' motion to dismiss this action for the reasons stated in the *Doe* opinion by the Supreme Court of Wisconsin. This denial is without prejudice to the possible reassertion of a dismissal motion if future case law developments teach differently. In the meantime, at the next status hearing (already set for 9 a.m. January 17, 1994) the parties should come prepared to discuss the scope and timing of discovery necessary to get the case ready for trial.

---

**2.** As *Doe,* 9 F.3d at 1293 n. 1, pointed out, Indiana has established a different regime by also allowing a United States District Court to certify questions to its Supreme Court (Ind.Rule App.Proc. 15(0)). In candor, that is a much more sensible provision. Unsettled questions of state law necessarily arise far more frequently and repeatedly before the District Courts than before the Court of Appeals, and an early definitive decision from the highest state court may often resolve issues in a great many pending cases for which state law provides the rules of decision (whether under the diversity jurisdiction or otherwise). There need be no concern that such a procedure would create a burden on the Illinois Supreme Court—after all, it has total control over whether to decline any requested certification. There is also no reason for concern that such a declination would ruffle any judicial feathers, for no court can take umbrage over the state Supreme Court's determinations as to how to manage its own agenda. Indeed, the Illinois Supreme Court has properly felt free to say "no" under its present Rule 20—just this past month it declined such a recent request made by a sharply split Court of Appeals sitting en banc (*Todd v. Societe BIC, S.A.,* 9 F.3d 1216 (7th Cir.1993).