Esthela BAUMANN, Plaintiff,

v.

AMERICAN NATIONAL RED CROSS, Central Illinois Chapter, Defendant.

No. 03–1083.

United States District Court, C.D. Illinois, Peoria Division.

May 21, 2003.

Anthony C. Raccuglia, Anthony C. Raccuglia & Associates, Peru, IL, for Plaintiff.

Peter Anthony Walsh, Hinshaw & Culbertson, Chicago, IL, L. Lee Smith, Hinshaw & Culbertson, Peoria, IL, for Defendant.

### *ORDER*

MIHM, District Judge.

Before the Court is Defendant's Motion to Dismiss [# 3]. For the following reasons, the motion is GRANTED in part and DENIED in part. Plaintiff has twenty-one days to amend her Complaint to include a supporting affidavit as required by 735 ILCS 5/2–622(a)(1). Defendant is excused from answering or otherwise pleading until twenty days after being served with Plaintiff's affidavit. 735 ILCS 5/2–622(a)(2); Fed.R.Civ.P. 12(a)(1)(A). Defendant's Motion for Leave to File Reply to Plaintiff's Response to Defendant's Motion to Dismiss [# 6] is DENIED as moot.

### Jurisdiction

This Court has original jurisdiction over this action by virtue of 36 U.S.C. § 300105(a)(5), which grants the American

National Red Cross the power to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." *See Am. Nat'l Red Cross v. S.G.,* 505 U.S. 247, 248, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992) (holding that the Charter provision confers "original jurisdiction on federal courts over all cases to which the Red Cross is a party").

### Background

On or about June 7, 2001, the American National Red Cross, Central Illinois Chapter (Red Cross) created a blood donor bank at Perry Memorial Hospital in Princeton, Illinois, for the purpose of procuring blood donations from the general public. (Compl.¶¶ 2, 3.) On or about that same date, Plaintiff Esthela Baumann (Baumann) volunteered to donate blood. (Compl.¶ 4.) Due to the alleged negligence of the agents, employees, and representatives of the Red Cross involved in drawing Baumann's blood, Baumann suffered injury to a nerve in the area of her right elbow. (Compl.¶ 8.)

In March, 2003, Baumann filed a Complaint in the Illinois Circuit Court of Bureau County, alleging that the Red Cross was negligent for failing to warn her of the potential for injury involved in drawing blood, improperly injecting the blood-drawing device, and injuring her right median nerve. (Compl.¶ 8.) The Red Cross subsequently removed the action to this Court.

On April 7, 2003, the Red Cross filed a Motion to Dismiss Baumann's Complaint. Baumann filed a Response on April 30, 2003. This Order follows.

### Discussion

■ The Red Cross argues that Baumann's Complaint should be dismissed because it is not supported by an affidavit as required by 735 ILCS 5/2–622. That statute provides:

> In any action ... in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff ... shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
>
> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: i) is knowledgeable in the relevant issues involved in the particular action; ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and iii) is qualified by experience or demonstrated confidence in the subject of the case; that the reviewing health professional has determined in a written report ... that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

735 ILCS 5/2–622(a)(1).

Baumann correctly admits that if section 2–622 would apply to this case in state court, then it also applies in this Court. (Resp.¶ 7.) Baumann argues that the statute is inapplicable, however, because she has no information indicating that the allegedly negligent agents, representatives, and employees of the Red Cross were certified, qualified, or educated in the medical profession or any branch of the healing arts. (Resp.¶¶ 4, 6.) The Red Cross asserts in its Memorandum in Support of its Motion to Dismiss that "[o]nly qualified and appropriately medically and technically trained personnel can perform blood draws" and that there is a "medical standard of care applicable to the manner in which blood draws are performed." (Mem. in Supp. of Mot. to Dismiss at 5.)

■ The focus of section 2–622, however, is not as much on the education, training, or certification of the defendant as it is on the nature of the claim itself. *See Milos v. Hall*, 325 Ill.App.3d 180, 258 Ill. Dec. 965, 757 N.E.2d 654, 657 (2001) ("The nature of the act alleged should determine whether the activity constitutes healing art malpractice."); *Cohen v. Smith*, 269 Ill. App.3d 1087, 207 Ill.Dec. 873, 648 N.E.2d 329, 334 (1995) ("It is the nature of plaintiff's claim, not defendant's defense, that determines whether the provisions of section 2–622 are implicated."); *Chadwick v. Al–Basha*, 295 Ill.App.3d 75, 229 Ill.Dec. 617, 692 N.E.2d 390, 393 (1998) ("The question of whether the plaintiff's complaint requires a section 2–622(a) affidavit is therefore answered by determining whether, after accepting the plaintiff's allegations are true, the damages the plaintiff seeks to recover were caused by the defendant's 'malpractice.' "). Furthermore, "[t]he term 'medical, hospital or other healing art malpractice' must be construed broadly." *Woodard v. Krans*, 234 Ill. App.3d 690, 175 Ill.Dec. 546, 600 N.E.2d 477, 486 (1992).

The question before the Court is not a simple one. While there are a plethora of cases addressing the characterization of a claim by a blood transfusion recipient against the Red Cross for injuries received from contaminated blood,[1] the Court could find very few cases addressing a claim by a blood donor against the Red Cross for injuries received during the blood-drawing process. *See McCartney v. Glaxo Smith*

*Kline*, 2002 WL 31145074 (E.D.Pa.2002); *Bentz v. Am. Red Cross*, 1990 WL 94011 (E.D.Pa.1990); *Millton v. Am. Red Cross*, 19 Fed.Appx. 676, 2001 WL 1153505 (9th Cir.2001) (unpublished opinion). Without discussion, the courts in *McCartney*, *Bentz*, and *Millton* treated the plaintiffs' claims as ones for medical malpractice, and the *McCartney* court specifically required the plaintiff to present an expert to make out a prima facie case. *See McCartney*, 2002 WL 31145074 at *1.

In *Woodard v. Krans*, 234 Ill.App.3d 690, 175 Ill.Dec. 546, 600 N.E.2d 477, 486 (1992), an Illinois appellate court was faced with the issue of "[w]here to draw the line between medical malpractice and common-law negligence." The court found that where a challenged decision or action by a defendant involves the use of "medical judgment," the suit is one for medical malpractice, and section 2–622 applies. *See id.* at 488; *Chadwick v. Al–Basha*, 295 Ill.App.3d 75, 229 Ill.Dec. 617, 692 N.E.2d 390, 394 (1998). More specifically, the court held:

> Where determining the standard of care requires applying distinctively medical knowledge or principles, however basic, the plaintiff must comply with section 2–622. *A fortiori*, where the standard of care involves procedures not within the grasp of the ordinary lay juror, the case is one for malpractice, rather than simple negligence.

*Woodard*, 175 Ill.Dec. 546, 600 N.E.2d at 486.

The case at issue involves an alleged failure by agents, representatives, and em-

---

1. *See, e.g., Nigohosian v. Am. Red Cross*, 838 F.Supp. 371, 372–73 (N.D.Ill.1993) (citing *Doe v. Am. Nat'l Red Cross*, 176 Wis.2d 610, 500 N.W.2d 264 (1993) (finding "that blood banks do not provide health care to blood transfusion recipients" and are therefore "not subject to the medical malpractice statutes")); *Kaiser v. Mem'l Blood Ctr. of Minneapolis, Inc.*, 486 N.W.2d 762 (Minn.1992) (same);

*contra Bradway v. Am. Nat'l Red Cross*, 263 Ga. 19, 426 S.E.2d 849 (1993) (holding that action by blood transfusion recipient against Red Cross for failure to adequately screen blood donors and test blood for infectious diseases is one for medical malpractice as opposed to ordinary negligence); *Doe v. Am. Red Cross Blood Services, S.C. Region*, 297 S.C. 430, 377 S.E.2d 323 (1989) (same).

ployees of the Red Cross to warn Baumann of her potential for injury, as well as a decision concerning where and how to inject a needle for drawing blood. The standard of care governing this type of decision clearly involves medical learning or principles, and is not within the knowledge of most lay people. The allegation that the agents, representatives, or employees of the Red Cross drew Baumann's blood in an improper manner "is effectively an allegation that [they] showed a want of skill . . . in the preparation and performance of [their] medical duties" and "failed to exercise adequate care in rendering service," which "is one definition of malpractice." *Id.* Therefore, although Baumann was not a "patient" receiving "medical treatment" in the traditional sense from the Red Cross, *Woodard* establishes that this case is one for medical malpractice rather than simple negligence, and section 2–622 applies. This Court believes that the reasoning of the *Woodard* court is correct and adopts it. Accordingly, Baumann must file an affidavit in support of her Complaint.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [# 3] is GRANTED in part and DENIED in part. Plaintiff has twenty-one days to amend her Complaint to include a supporting affidavit as required by 735 ILCS 5/2–622(a)(1). Defendant is excused from answering or otherwise pleading until twenty days after being served with Plaintiff's affidavit. 735 ILCS 5/2–622(a)(2); Fed.R.Civ.P. 12(a)(1)(A). Defendant's Motion for Leave to File Reply to Plaintiff's Response to Defendant's Motion to Dismiss [# 6] is DENIED as moot.