2023 IL App (1st) 211200-U

No. 1-21-1200

Order filed April 21, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CAROLYN L. CLARK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2019-L-009369 |
| | ) | |
| CLARK DENTAL CARE, an Illinois | ) | Honorable |
| Corporation, THERESE MOUSSA, Individually | ) | Patrick J. Sherlock, |
| and as President and Owner of Clark Dental Care, | ) | Judge presiding. |
| ROSA DOMINGUES, LILIANA SANTIAGO, | ) | |
| Individually and as an Employee of Goldie's | ) | |
| Place and the UIC Student Run Dental Clinic, | ) | |
| TENESHIA MORGAN, Individually and as an | ) | |
| Employee of Goldie's Place, THE UIC | ) | |
| STUDENT RUN DENTAL CLINIC, an Illinois | ) | |
| Non-Profit Organization, GOLDIE'S PLACE, an | ) | |
| Illinois Non-Profit Corporation, THE BOARD | ) | |
| OF TRUSTEES OF THE UNIVERSITY OF | ) | |
| ILLINOIS, as Representative of the UIC Student | ) | |
| Run Dental Clinic, and PRESTIGE DENTAL | ) | |
| LABORATORY, an Illinois Corporation, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff alleged a form of "healing art malpractice," and thus the trial court properly dismissed plaintiff's claim for failing to file an affidavit and a health professional's written report as required under section 2-622 of the Illinois Code of Civil Procedure. The trial court did not abuse its discretion in dismissing plaintiff's claims with prejudice where plaintiff had ample opportunity to correct the deficiency in the pleading.

¶ 2    Plaintiff Carolyn L. Clark appeals the dismissal of her personal injury claims against defendants Clark Dental Care, Dr. Therese Moussa, and Rosa Domingues in which she sought more than $70 million for injuries allegedly caused by defendants' dental care. The trial court dismissed Clark's claims because she failed to file an affidavit supported by a health professional's written opinion that her claims have a reasonable and meritorious basis—a prerequisite to pursuing actions for "healing art malpractice" under section 2-622 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-622 (West 2020). For the reasons that follow, we affirm.

¶ 3    Goldie's Place is a nonprofit social services provider to the homeless that also runs a free dental clinic in partnership with the University of Illinois-Chicago School of Dentistry. Volunteer dentistry students at the clinic referred Clark to Dr. Therese Moussa at Clark Dental Care in April 2017 after determining that Clark needed dentures. Before creating the dentures, Dr. Moussa extracted four of Clark's teeth and, according to Clark, used an anesthetic that caused her to experience hallucinations during the procedure. At subsequent appointments, Dr. Moussa's dental assistants, including Domingues, took three impressions of Clark's bite using dental trays filled with a molding compound. In Clark's estimation, Domingues used an oversized dental tray and a different compound to make the third impression. As Domingues pressed the trays into Clark's mouth, Clark "thought that her jaw was going to break" because Domingues was exerting "a

tremendous amount of pressure with her thumb." Clark experienced "dizziness" and "a severe headache" after the appointment.

¶ 4    Clark received her new dentures at Clark Dental Care's office one month later. She was initially displeased because they protruded from her mouth and caused discomfort. Domingues shaved portions of the dentures to reduce their size and scheduled a follow-up appointment in case Clark needed additional adjustments. Over the next two days, Clark reportedly experienced oral pain, tremors, hallucinations, burning sensations, and shortness of breath. Clark canceled her follow-up appointment and later returned to Clark Dental Care only to retrieve her dental records.

¶ 5    Almost two years after receiving her dentures, Clark filed a *pro se* complaint against all parties involved in her dental care. As against Clark Dental Care, Dr. Moussa, and Domingues, Clark alleged negligence and sought more than $70 million to recompense her claimed injuries. On defendants' motion, the trial court dismissed Clark's complaint because she did not file an affidavit declaring that she had consulted a health professional who determined, in a written report, that she has reasonable and meritorious grounds for pursuing her action, as required under section 2-622 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-622(b). Without correcting the deficiencies identified by the trial court, Clark filed two amended complaints and, in the second, named Clark Dental Care, Dr. Moussa, and Domingues as respondents in discovery. The trial court granted Clark Dental Care, Dr. Moussa, and Domingues's request to convert to defendants in the action (735 ILCS 5/2-402 (West 2020)) and again dismissed Clark's complaint.[1]

---

[1] Clark argues that the trial judge abused its discretion when granting their request to be made defendants in the action. But the trial court had no discretion: they were entitled to self-convert to defendants under section 2-402. *Prinova Solutions, LLC v. Process Technology Corp.*, 2018 IL App (2d) 170666, ¶ 27 ("[A] respondent in discovery can always self-convert to a defendant [citation] and then seek dismissal with prejudice." (citing 735 ILCS 5/2-402 (West 2014))).

¶ 6     The trial court granted Clark "one last opportunity to file an amended complaint only as to these Clark Dental defendants and <u>only</u> if she rectifies the serious deficiencies." Clark did not take heed. She realleged one count against Domingues for negligence, still without attaching a section 2-622 affidavit and a health professional's report, and again named Dr. Moussa as a respondent in discovery. On August 27, 2021, the trial court struck Clark's claims against Domingues, Dr. Moussa, and Clark Dental Care with prejudice pursuant to section 2-619 of the Code.[2] 735 ILCS 5/2-219 (West 2020); *id.* § 2-622(g) ("The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619.")). Recognizing that Clark "has been granted ample opportunity to try to assert her claims" yet "opted not to avail herself," the trial court found that there was no just reason for delay of enforcement or appeal of the order. Clark then filed this timely appeal.[3] Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 7     Clark argues that she is not required to comply with section 2-622 because her claim against Domingues sounds in "ordinary negligence" rather than "healing art malpractice." Domingues maintains that because Clark's claim concerns the performance of her professional duties as a dental assistant, section 2-622's pleading requirements apply. Whether the trial court properly

---

[2]  While the parties briefed defendants' motion to dismiss Clark's third amended complaint, Clark filed a motion requesting sanctions against counsel and a motion to preserve evidence. The record does not reflect that Clark ever presented her motions to the trial court or requested a ruling, and we thus presume that Clark abandoned her motions. See *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622, 628 (2008) (quoting *Rodriguez v. Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007)).

[3]  The trial court made the Rule 304(a) finding only as to the "Clark Dental" defendants. The trial court dismissed Clark's claims against the remaining defendants on April 12, 2021, but did not make a Rule 304(a) finding until December 16, 2021. Clark failed to timely appeal that order, and we dismissed those other defendants—namely, the Board of Trustees of the University of Illinois, Goldie's Place, Teneshia Morgan, and Liliana Santiago—as parties to the appeal for lack of jurisdiction. We do not address Clark's claims of error as they relate to these parties.

dismissed Clark's claim for failing to comply with section 2-622 presents a question of law that we review *de novo*. *Williams v. Athletico, Ltd.*, 2017 IL App (1st) 161902, ¶ 11.

¶ 8       A plaintiff must file a section 2-622 affidavit supported by a health professional's written report where a plaintiff seeks damages for injuries caused "by reason of medical, hospital, *or other healing art malpractice*." (Emphasis added.) 735 ILCS 5/2-622(a). "Healing art" encompasses the " 'entire branch of learning dealing with the restoration of physical or mental health.' " *Williams*, 2017 IL App (1st) 161902, ¶ 19 (quoting *Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 654 (1987)). "Malpractice" denotes a lack of competency or skill in practicing a profession. See *Childs v. Pinnacle Health Care, LLC*, 399 Ill. App. 3d 167, 182 (2010). Whether allegations sound in "healing art malpractice" depends upon their substance rather than the label that a plaintiff uses to describe a claim. *Id.* at 181. The analysis considers (1) whether the standard of care involves procedures within the ordinary grasp of a lay juror, (2) whether the allegedly tortious conduct involves the defendant's "medical judgment," and (3) the evidence necessary to establish the plaintiff's case. *Brucker v. Mercola*, 227 Ill. 2d 502, 517 (2007); see also *Chadwick v. Al-Basha*, 295 Ill. App. 3d 75, 79 (1998) ("The question of whether the plaintiff's complaint requires a section 2-622(a) affidavit is therefore answered by determining whether *** the damages the plaintiff seeks to recover were caused by the defendant's 'malpractice.' ").

¶ 9       Clark's complaint plainly seeks damages for injuries allegedly caused by Domingues's professional malpractice—more specifically, her negligence when taking Clark's third dental impression. The considerations that should inform a dental assistant's judgment in selecting the dental trays' size, applying the molding compound, and then placing the trays into a patient's mouth are beyond a lay person's understanding. See *Woodard v. Krans*, 234 Ill. App. 3d 690, 705-

06 (1992) ("Where determining the standard of care requires applying distinctively medical knowledge or principles, however basic, the plaintiff must comply with section 2-622."). To prove that Domingues failed to exercise the same degree of knowledge, skill, and care as an ordinary dental assistant would require expert testimony. See *Jackson v. Chicago Classic Janitorial and Cleaning Service, Inc.*, 355 Ill. App. 3d 906, 911-13 (2005) (whether a complaint sounds in "healing art malpractice" depends, in part, on the evidence necessary to prove the claims at trial); see also *Advincula v. United Blood Services*, 176 Ill. 2d 1, 24 (1996) ("[I]n professional negligence cases, unlike negligence actions in general, the plaintiff bears a burden to establish the standard of care through expert witness testimony."). Accordingly, Clark was required to comply with section 2-622 to assert her claim against Domingues.

¶ 10    Clark contends that she does not allege a form of "healing art malpractice" because she brings her claim against Domingues, a dental assistant, instead of a dentist or another type of "health care professional," as defined under an unrelated licensing statute. See 20 ILCS 2105/2105-15.7 (West 2020) (imposing conditions for the renewal of certain professional licenses). Clark further disputes that proving her claim would necessitate expert testimony because Domingues, by undertaking procedures reserved for dentists, violated section 17 the Illinois Dental Practices Act (225 ILCS 25/17 (West 2020)). According to Clark, Domingues's alleged violation of the statute is *prima facie* evidence of her breach of her duty of care, and the trial court should have permitted her to try the remaining issues of causation and damages to a jury. But neither argument excuses Clark's noncompliance with section 2-622's pleading requirements.

¶ 11    We construe "healing art malpractice" broadly such that section 2-622's requirements apply to claims involving the "medical judgment" of not only doctors but any health professional.

*Woodard*, 234 Ill. App. 3d at 703-04, 706; see also, *e.g.*, *Williams*, 2017 IL App (1st) 161902, ¶ 28 (athletic trainers' decision of whether to evaluate an athlete "requires at least some degree of medical judgment"); *Lyon*, 156 Ill. App. 3d at 654-55 (ambulance drivers' "determination of which equipment is necessary *** is inherently one of medical judgment"); *Baumann v. American National Red Cross*, 262 F. Supp.2d 965, 968 (C.D. Ill. 2003) (although plaintiff was not "receiving 'medical treatment' in the traditional sense," section 2-622 applied to claim that a blood bank's employees were negligent when drawing plaintiff's blood). Clark also cannot dispense with her obligation to obtain a threshold opinion on her claim's merits simply because she might ultimately establish Domingues's divergence from the applicable standard of care without expert testimony. See *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 117 (2004) (section 2-622 "has no bearing on the type of evidence relied upon at trial"); *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 70 (1992) ("[S]ection 2-622 requires the submission of a health professional's report even in cases in which expert testimony might not be necessary at trial ***.").[4]

¶ 12 Displaying both patience and restraint, the trial court gave Clark three opportunities to comply with section 2-622 before dismissing her claims with prejudice. See *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939, 949 (1998) (a plaintiff who omits a section 2-622 affidavit "should be allowed every reasonable opportunity to establish her case").

---

[4] Clark also argues that the trial court erred because defendants' section 2-619 motion lacked a supporting affidavit, but here the grounds for dismissal appeared on the face of her complaint. 735 ILCS 5/2-619(a) (the motion shall be supported by affidavit "[i]f the grounds do not appear on the face of the pleading"). Also, by failing to reallege her claims against Dr. Moussa and Clark Dental Care in her third amended complaint, Clark failed to preserve any objections to their dismissal. See *W.W. Vincent and Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 756 (2004) (a plaintiff who files an amended pleading without realleging dismissed counts waives any objections to the circuit court's ruling).

The trial court acted well within its discretion. See *Fox v. Guato*, 2013 IL App (5th) 110327, ¶ 19 (whether to dismiss claims with or without prejudice rests within the trial court's discretion).

¶ 13    We have considered all of plaintiff's other arguments and find them to be without merit.

¶ 14    We affirm the trial court's judgment.

¶ 15    Affirmed.