# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 28, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1463**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV8035

IN COURT OF APPEALS
DISTRICT I

---

JOAN FISHER, CHRISTOPHER E. LASALLE, LAVARES T. HODGES AND LENARD P. HODGES,

     PLAINTIFFS-APPELLANTS,

EXCEEDENT LLC,

     INVOLUNTARY-PLAINTIFF,

  V.

FROEDTERT HEALTH, INC., FROEDTERT HOSPITAL FOUNDATION, INC., FROEDTERT HEALTH NEIGHBORHOOD HOSPITAL, LLC, FROEDTERT MEMORIAL LUTHERAN HOSPITAL, INC., WISCONSIN DIAGNOSTIC LABORATORIES, LLC AND MAYO CLINIC,

     DEFENDANTS-RESPONDENTS,

ABC CORPORATION, DEF CORPORATION, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, JOHN DOES #1-10 AND JANE DOES #1-10,

     DEFENDANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: PEDRO A. COLÓN, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Joan Fisher appeals from the order dismissing her action because the circuit court concluded it arose from medical malpractice and was filed after the statute of limitations had run, pursuant to WIS. STAT. § 893.55 (2023-24).[1]   Fisher argues that the longer statute of limitations for tort claims causing injury to a person under WIS. STAT. § 893.54 should instead be applied to her claims, which would allow her action to continue.   Upon review, we conclude that the statute of limitations in § 893.55 applies and we affirm.

## BACKGROUND

¶2    On December 19, 2022, Fisher[2] filed a complaint alleging injury from an incorrectly labeled laboratory sample.   Fisher filed an amended complaint against Froedtert Health, Inc., Froedtert Hospital Foundation, Inc., Froedtert Health Neighborhood Hospital, LLC, Froedtert Memorial Lutheran Hospital, Inc., (hereinafter, Froedtert); Wisconsin Diagnostic Laboratories, LLC (WDL); and

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Fisher's three adult sons were also named plaintiffs in this action in relation to a loss of consortium claim.  For ease of reading, we refer to Fisher in the singular.  The sons' claim was dismissed as well, and we do not discuss it further.

Mayo Clinic, as well as their respective unknown insurance companies (collectively, the Providers).

¶3     Fisher alleged that on or around May 7, 2019, she sought care at a Froedtert facility and underwent a Papanicolaou (Pap) examination. Samples from the examination were tested for potential malignancy by Froedtert, WDL, or Mayo Clinic.

¶4     It is not disputed that at some point between May 7 and May 17 of 2019, Fisher's Pap exam sample was incorrectly handled, labeled, sorted, or maintained, and was inadvertently switched with a sample from an unknown male patient exhibiting evidence of adenocarcinoma, as a sign of colon cancer.

¶5     On or around May 17, 2019, Drs. Erin Bishop and Spencer Gantz diagnosed Fisher with adenocarcinoma of the cervix based on the Pap exam testing results. On or about August 30, 2019, Fisher underwent a colonoscopy, which revealed no signs of colon cancer. On September 24, 2019, Fisher underwent a total hysterectomy and bilateral salpingo-oophorectomy, removing her uterus, cervix, bilateral fallopian tubes, and ovaries.

¶6     On December 27, 2019, Dr. Bishop and Dr. Juan Felix informed Fisher of the laboratory mistake, explaining that she never had an actual diagnosis of cervical cancer.

¶7     Fisher's complaint alleged that the Providers failed "to institute proper policies and procedures to provide the accommodations necessary to carry out [their] purpose of providing true and accurate laboratory samples for patients and to prevent improper handling, labeling, storing, maintaining, and/or monitoring of [Fisher's] laboratory specimen." Fisher's first amended complaint,

the operative complaint here, dismissed all actions arising from WIS. STAT. ch. 655, the chapter on health care liability and injured patients and families compensation.[3] She made claims of corporate negligence, which holds a hospital responsible for its own negligence; negligence or negligence *per se* for the care and handling of the laboratory samples; *respondeat superior* and agency; negligent hiring, retention, and training; and loss of parental consortium, on behalf of Fisher's three sons.

¶8    In May 2023, Froedtert and WDL filed a joint motion to dismiss the amended complaint, and Mayo Clinic also moved separately to dismiss the amended complaint. The Providers each argued that the three-year statute of limitations for medical malpractice claims, WIS. STAT. § 893.55(1m), instead applied and had run.

¶9    After a hearing in July 2023, the circuit court dismissed Fisher's action as untimely under WIS. STAT. § 893.55(1m) because her injury arose from the unnecessary surgery, which meant she was "seeking to recover damages for injuries that arose from treatment by a health care provider[.]"[4]

¶10    Fisher now appeals.

---

[3] Fisher's original complaint alleged that she was not experiencing symptoms typically related to adenocarcinoma at the time of the May 17, 2019 appointment. Fisher further alleged she had undergone additional procedures including biopsies, a CT scan, a PET scan, and a colonoscopy, none of which gave any clinical indication of cancer. Fisher's original complaint also named as defendants Dr. Bishop; Dr. Felix; and Wisconsin's Injured Patients and Families Compensation Fund; these parties were not named in the amended complaint and were dismissed from this action.

[4] The Honorable Frederick C. Rosa presided over the motion to dismiss hearing and rendered an oral decision. The Honorable Pedro A. Colón issued the written order of dismissal. We refer to either judge as the circuit court.

**DISCUSSION**

¶11    Fisher argues that her injuries did not arise from treatment by a health care provider, and therefore her claims do not fall within the scope of medical malpractice actions, WIS. STAT. ch. 655 or WIS. STAT. § 893.55. She asserts that her claims are timely when considered under the statute of limitations for tort claims for injury to a person, pursuant to WIS. STAT. § 893.54. In contrast, the Providers argue that this claim is based on injuries that arose from treatment by a health care provider—in other words medical malpractice—and therefore § 893.55 applies and Fisher's action is barred as untimely.

¶12    "This case involves the review of a motion to dismiss, which presents a question of law we review independently." *Doe 56 v. Mayo Clinic Health Sys.—Eau Claire Clinic, Inc.*, 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681. "The motion to dismiss here is based on whether the complaint was timely filed"; if it was not, "the claim is time-barred and dismissal will be upheld." *Id.*

¶13    To resolve this appeal, we must interpret the application of statutes of limitations under WIS. STAT. §§ 893.54 and 893.55. "Determining which statute of limitations applies to an action is a question of law" that we independently review. *Estate of Hegarty ex rel. Hegarty v. Beauchaine*, 2001 WI App 300, ¶14, 249 Wis. 2d 142, 638 N.W.2d 355. "Typically, when two limitations periods, considered independently, could be applied to a cause of action, the more specific statute controls." *Munger v. Seehafer*, 2016 WI App 89, ¶19, 372 Wis. 2d 749, 890 N.W.2d 22. Statutory interpretation presents a question of law that we review independently. *Estate of Genrich v. OHIC Ins. Co.*, 2009 WI 67, ¶10, 318 Wis. 2d 553, 769 N.W.2d 481.

¶14   We begin with the key dates in this matter. There are "three points in time when a tort claim may be said to accrue: (1) when negligence occurs, (2) when a resulting injury is sustained, and (3) when the injury is discovered." *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 554, 335 N.W.2d 578 (1983). The alleged negligence of incorrectly handling the Pap exam sample occurred in May 2019. The misdiagnosis of adenocarcinoma of the cervix was made on or around May 17, 2019, when Dr. Bishop and Dr. Gantz diagnosed Fisher. The resulting unnecessary hysterectomy and bilateral salpingo-oophorectomy was performed on September 24, 2019. Fisher discovered her injury on December 27, 2019, when she was informed that she did not have, and had never had, adenocarcinoma of the cervix, and that the surgery had been performed unnecessarily. Fisher filed her initial complaint on December 19, 2022.

¶15   Fisher argues that WIS. STAT. § 893.54 is the applicable statute of limitations for her claims. That statute governs actions "to recover damages for injuries to the person" and requires actions be commenced within three years or be barred. Sec. 893.54(1m). Fisher argues that she became aware of her injury—the mishandled Pap exam sample which lead to the misdiagnosis and the resulting unnecessary surgery—on December 27, 2019. Under the discovery rule, Fisher argues that she had until December 27, 2022, to file her tort action for injuries. *See Hansen*, 113 Wis. 2d at 560 (holding that the discovery rule, which provides that "tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first," applied for all tort actions that did not otherwise have a "legislatively created discovery rule").

¶16   The Providers argue that the applicable statute of limitation is WIS. STAT. § 893.55, which covers medical malpractice actions and damages. That statute provides two time limits for "an action to recover damages for injury

arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based[.]" Sec. 893.55(1m). The action must be commenced within the later of "(a) [t]hree years from the date of the injury, or (b) [o]ne year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered[.]" Sec. 893.55(1m)(a)-(b). Under this framework, the Providers argue that the "date of injury" was the date of the unnecessary surgery, September 24, 2019. The three-year statute of limitation would therefore lapse on September 24, 2022. Alternatively the Providers assert that Fisher discovered the injury on December 27, 2019, when she was informed of the mishandled Pap exam sample and that the surgery was unnecessary. Accordingly, the one-year statute of limitation would lapse on December 27, 2020. *See* § 893.55(1m)(b).

¶17 Fisher argues that her injury and claims arise from the negligent handling, labeling, and monitoring of her Pap exam sample and failing to institute proper policies and procedures in the laboratory. She then asserts that as "a direct and proximate cause of the corporate negligence" of the Providers, she underwent an unnecessary total hysterectomy and bilateral salpingo-oophorectomy. Fisher argues that her complaint did not allege negligence in the surgical procedure, but only alleged negligence in the handling of the Pap exam sample. She therefore contends that instead of her injury arising from the unnecessary surgery, her injury occurred upon the discovery of the mishandled Pap exam sample, which she argues is a non-medical cause of action.

¶18 As a preliminary matter, we consider whether WIS. STAT. § 893.55, for medical malpractice claims, should apply over WIS. STAT. § 893.54, for injury to a person claims. *See* ***Clark v. Erdmann***, 161 Wis. 2d 428, 436, 468 N.W.2d 18 (1991) ("While either statute considered independently could be applicable, only

one actually can be applied."). Although § 893.54 and § 893.55 could cover similar injuries, being that § 893.54 refers to injuries to the person, we conclude that § 893.55 is the more specific statute because it concerns the way the injury arises, "i.e., resulting from an act or omission of a 'health care provider.'" *Clark,* 161 Wis. 2d at 436-37. We apply the general rule that "the more specific statute controls." *Munger*, 372 Wis. 2d 749, ¶19.

¶19 We therefore must next apply WIS. STAT. § 893.55(1m) to the facts of this case. In doing so, we consider the nature of Fisher's injury, whether the injury arose from the "treatment or operation performed by, or from any omission by, a person who is a health care provider," and the level of proof necessary for her claim to advance under the legal "theory on which the action is based." First, Fisher's injury was the unnecessary surgery. Second, Froedtert and Mayo Clinic are health care providers and WDL is a laboratory testing facility affiliated with a health care provider. Third, Fisher's attempts to cast the theory of her claims as non-medical does not avoid the need for expert witness testimony on the health care providers' conduct in relation to the standard of care. Altogether, based on these three analyses, we conclude that the appropriate statute of limitations is § 893.55 and, under these facts, Fisher's complaint was untimely.

¶20    First, we consider Fisher's injury.[5]  The benchmark to establish the date of injury is a physical injurious change.  ***Estate of Genrich***, 318 Wis. 2d 553, ¶17.  Fisher's injury was the physical change that arose from the unnecessary surgery on September 24, 2019.  In contrast, the mishandled exam sample was arguably a negligent act, but it does not constitute an injury.  *See **Hansen***, 113 Wis. 2d at 554.  The misdiagnosis of adenocarcinoma of the cervix that followed from the mishandled Pap exam sample was not an injury either.  ***Paul v. Skemp***, 2001 WI 42, ¶2, 242 Wis. 2d 507, 625 N.W.2d 860 ("A misdiagnosis may be a negligent omission, but it is not, in and of itself, an injury.").  "The actionable injury arises when the misdiagnosis causes a greater harm than existed at the time of the misdiagnosis."  ***Id.***, ¶25.  Therefore, we conclude that the unnecessary surgery was Fisher's injury for the purposes of the accrual of her action.

¶21    Second, we consider whether the Providers are considered health care providers under the authority of the statute of limitations in WIS. STAT. § 893.55.  Fisher conceded in briefing to the circuit court that Froedtert and the Mayo Clinic were health care providers.  "The term 'health care provider' in sec. 893.55, Stats., plainly applies to anyone who professionally provides health care to others."  ***Clark***, 161 Wis. 2d at 438-39.  WISCONSIN STAT. ch. 655 governs medical malpractice in Wisconsin.  Participation in chapter 655 is mandatory for

---

[5]  We reject Fisher's attempts to argue that the emotional distress of incorrectly being told she had cancer and having unnecessary surgery was an injury itself because the allegations in her amended complaint do not support it.  *See **Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶21, 356 Wis. 2d 665, 849 N.W.2d 693 ("[A] complaint must plead facts, which if true, would entitle the plaintiff to relief.").  Fisher's complaint only mentions her "emotional and physical conscious pain" in the general facts and specifically for her sons' loss of consortium claim.  In her briefing to this court, she claims for the first time an "emotional and psychological injury" dating to December 2019.  As a general rule, "issues not raised in the circuit court will not be considered for the first time on appeal."  ***Marotz v. Hallman***, 2007 WI 89, ¶16, 302 Wis. 2d 428, 734 N.W.2d 411 (citation omitted).

various entities including partnerships, corporations, and other organizations or enterprises that provide medical services; statutorily defined hospitals; and entities that are affiliates of hospitals that "provide diagnosis and treatment" of hospital patients. Sec. 655.002(d), (e), (em), (h), (i). Froedtert and the Mayo Clinic are plainly health care providers who were acting in that capacity in Fisher's treatment.

¶22  Fisher's attempt to distinguish WDL as a non-health care provider fails. Froedtert and WDL share a principal place of business, as Fisher states in her operative complaint, and WDL is an affiliate of Froedtert as a hospital. *See* WIS. STAT. § 655.002(1)(i). Fisher's complaint further states that WDL "is in the business of providing medical and general care, as well as testing, handling, labeling, monitoring, and maintaining laboratory samples of patients." The conduct involved in laboratory sample handling and testing falls within the process of "diagnosing and recommending treatment for patients[.]" ***Doe v. American Nat'l. Red Cross***, 176 Wis. 2d 610, 617, 500 N.W.2d 264 (1993). Applying our supreme court's reasoning in ***American National Red Cross***— where claims against radiologists or pathologists who provided services for the benefit of a specific patient, which fell within the scope of WIS. STAT. § 893.55, were distinguished from claims against a blood bank that provided a product to hospitals, which did not—we conclude that a hospital-affiliated diagnostic laboratory is akin to radiologists and pathologists "who have no direct patient contact[.]" ***American Nat'l. Red Cross***, 176 Wis. 2d at 617. We conclude that WDL is a health care provider for the purposes of statute of limitations.

¶23  Third, we consider Fisher's theory that her claims are based on routine or non-medical care and would therefore allow her to escape the need for expert witness testimony. The Providers argue that an expert witness would be

10

necessary for a jury to understand whether the handling of the Pap exam sample was reasonable. *See Snyder v. Injured Patients & Fams. Comp. Fund*, 2009 WI App 86, ¶10, 320 Wis. 2d 259, 768 N.W.2d 271 ("[T]he degree of care, skill and judgment required of a health care provider must typically be proved by the testimony of experts in order to determine the standard of care at issue in a medical malpractice claim"). They further contend that even if the handling of the laboratory testing samples involved non-medical routine or custodial care, the question of whether the sample testing procedures at the diagnostic laboratory met the standard of care involves considerations arising out of professional medical care. Fisher responds that the handling of files and laboratory samples are not medical treatment and could be understood by the jury without expert testimony.

¶24 Even if we assume that the mishandling of the Pap exam sample was not medical treatment or diagnosis, Fisher's allegations support that her injury arose from the unnecessary surgery, which clearly and plainly was provided by health care professionals. Although understanding some laboratory functions could be within the realm of ordinary experience, any claim that relies on the judgment and supervision of a health care professional would require expert testimony. *See Payne v. Milwaukee Sanitarium Found., Inc.*, 81 Wis. 2d 264, 275-76, 260 N.W.2d 386 (1977). In other words, even if Fisher could establish a negligence question for the jury based on a diagnostic laboratory's routine care over the Pap exam samples, the overall claim would require the jury to also assess care under the standards for health care providers. We conclude that Fisher's claims do not evade the need for expert witness testimony because the theories of her claims are based on routine care and care by health care professionals.

¶25 Having determined that WIS. STAT. § 893.55 applies to Fisher's claims, that Fisher's injury dates to the unnecessary surgery on September 24,

2019, and that Fisher discovered the error on December 27, 2019, we conclude that Fisher's action was untimely. "In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose." *Maryland Cas. Co. v. Beleznay*, 245 Wis. 390, 393, 14 N.W.2d 177 (1944). Therefore, Fisher's action is barred under the statute of limitations in § 893.55

## CONCLUSION

¶26    For the reasons stated above, we affirm the circuit court's order dismissing Fisher's action.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.